**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

BRIAN KEITH SPENCER              :
    Petitioner
    v                              :      Civil Action No. WDQ-06-1914
                                                       (Consolidated Case WDQ-06-1993)
WARDEN                           :
    Respondent

o0o
## MEMORANDUM

Respondent has filed an Answer to the above-captioned Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. Paper No. 10. Petitioner was notified by the Court that Respondent is alleging his claims have not been properly exhausted and are subject to dismissal. Paper No. 11. Petitioner has not, however, filed a Reply addressing that allegation. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the Petition for Writ of Habeas Corpus must be dismissed without prejudice.

Background

Petitioner alleges he was entitled to be released on parole in June 2006, and his current confinement in the Maryland Division of Correction is illegal. Paper No. 1. On April 17, 2006, Petitioner was sentenced in the Circuit Court for Cecil County Maryland to serve four years, all but two years suspended for the unlawful taking of a motor vehicle. Paper No. 10 at Ex. 2. Under Maryland law Petitioner was eligible for parole consideration after serving one-quarter of his term of incarceration, or in June of 2006. *See* Md. Corr. Ser. Code Ann., § 7-301(a). Petitioner was provided a parole consideration hearing on September 1, 2006. Paper No. 10 at Ex. 3. The hearing officer, Michael Wells, recommended refusing parole to Petitioner based upon his high risk assessment score, history of theft and history of drug abuse. *Id*. On September 7, 2006, the recommendation to refuse parole was adopted by Commissioner Joseph Bolesta. *Id*. Petitioner appealed the decision to refuse parole to a two-commissioner panel. *Id*.

at Ex. 4.  After consideration of Petitioner's appeal, the decision to refuse parole was upheld.  *Id*.  Petitioner did not pursue a further appeal in state court.

## Exhaustion

The claim raised involves questions of state law and is subject to the exhaustion requirement of 28 U.S.C. § 2254(b).  Petitioner must exhaust each claim presented to the federal court by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  Each claim must be fairly presented to the state courts; this includes presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  Proper exhaustion also requires that Petitioner file an application for leave to appeal with the Court of Special Appeals in the event that the decision is not favorable to him.

## Analysis

Aside from the fact that Petitioner does not have a constitutional right to be conditionally released on parole, he has failed to exhaust his claim through the state courts which are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *see also Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Having found the claim to be unexhausted, the petition shall be dismissed without prejudice by separate Order which follows.

April 5, 2007                                                        /s/
Date                                                              William D. Quarles, Jr.
                                                                  United States District Judge